## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

ROBERT HAUGHIE                          *

Petitioner                              *

v                                       *          Civil Action No. JFM-16-3201

DAVID BLUMBERG,
ASRESAHEGN GETACHEW, M.D., and          *
YONAS SISAY, M.D.
                                        *
Respondents
                                    ***

### MEMORANDUM

The above-entitled petition was filed on September 20, 2016, together with a motion to proceed in forma pauperis. Because he appears indigent, petitioner's motion shall be granted. For the reasons stated below, the petition must be dismissed.

Petitioner is an inmate incarcerated at Maryland Correctional Institution Jessup on a life sentence. The claim asserted concerns a decision by the Maryland Parole Commission to find petitioner ineligible for medical parole. Petitioner seeks both monetary damages and an order requiring his release on medical parole. He alleges that Dr. Getachew and Dr. Sisay falsified documents in order to insure he would stay incarcerated for the sole purpose of continuing to receive money; asserts that the decision finding him ineligible for medical parole was not based on an examination of his physical condition; and he meets the criteria for medical parole. Petitioner states he had surgery for a tumor in December of 2015, which has left him with no balance, requiring use of a walker; difficulty speaking; severe headaches; and limited mobility in his arms. In addition, petitioner wears four different braces and maintains that doctors have found him more than 50% disabled, making it extremely unlikely that he will engage in criminal behavior if he were released. ECF 1.

To the extent the complaint alleges causes of action for breach of contract and intentional and negligent misrepresentation of facts, the claims are not federal claims based on constitutional or federal statutory law.

The claim that the conduct alleged violates petitioner's rights under the Eighth and Fourteenth Amendments also fails. There are no allegations in the complaint that indicate that petitioner's current disabilities are not being accommodated or treated. To the contrary, petitioner states he is provided medication, a walker, bottom-bunk status, and feed-in status to accommodate his physical limitation. An Eighth Amendment claim requires a showing that defendants conduct exhibit a deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Failing to provide medical evidence to support a request for medical parole does not constitute deliberate indifference to a serious medical need.

A Fourteenth Amendment due process claim requires deprivation of a protected liberty or property interest without adequate notice or an opportunity to be heard. The Constitution itself does not create a protected liberty interest in the expectation of parole. *See Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U. S. 1, 7 (1979); *see also Jago v. Van Curen*, 454 U. S. 14, 18 (1981) (mutually explicit understanding that inmate would be paroled does not create liberty interest). "It is therefore axiomatic that because . . . prisoners have no protected liberty interest in parole they cannot mount a challenge against a state parole review procedure on procedural (or substantive) Due Process grounds." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997). The failure to provide petitioner with a full medical examination or to forward medical records for the purpose of medical parole consideration does not violate due process rights.

2

To the extent petitioner is seeking an order from this court requiring state employees to abide by state law or agency directives, it seeks mandamus relief. This court does not have jurisdiction over State employees in an action for writ of mandamus. *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969). *See also* 28 U.S.C. § 1361. Additionally, a writ of mandamus is an extraordinary writ that is only available in cases where no other means by which the relief sought could be granted. *In re Beard*, 811 F.2d 818, 826 (4th Cir.1987). The claim for mandamus relief will be dismissed without prejudice for lack of jurisdiction.

By separate order which follows, the complaint shall be dismissed.

_____
Date

_____
J. Frederick Motz
United States District Judge

3